Emma T. Hulbert, Defendant in Error, v. Charles Richter, Impleaded with J. E. Wells, Plaintiffs in Error.

### Gen. No. 21,067.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. FRANK H. GRAHAM, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Reversed and remanded. Opinion filed May 12, 1916.

### Statement of the Case.

Action for rent, attorney's fees and forcible detainer by Emma T. Hulbert, plaintiff, against Charles Richter, impleaded with J. E. Wells, defendants. To reverse a judgment for plaintiff, defendants sued out a writ of error.

Plaintiff brought suit August 28, 1914, for attorney's fees, rent for the months of July and August, and for possession of certain real estate. It appeared that upon the institution of the suit, and before the September rent accrued, the premises were vacated by the defendants; that there had been deposited with the plaintiff the sum of thirty-five dollars to secure the

payment of the last month's rent named in the lease, which contained a stipulation for attorney's fees on confession of judgment. The court allowed the thirty-five dollars as part payment of the rent due, but entered judgment for the August rent, eleven days of the September rent, and twenty dollars attorney's fees.

VEIRS & McCLURE, for plaintiffs in error.

No appearance for defendant in error.

MR. JUSTICE GOODWIN delivered the opinion of the court.

## Abstract of the Decision.

1. FORCIBLE ENTRY AND DETAINER, § 99*—*when deposit properly allowed as part payment of rent.* In action for rent and forcible detainer, money deposited to secure payment of rent is properly allowed as part payment of rent due.

2. FORCIBLE ENTRY AND DETAINER, § 99*—*what rent cannot be recovered.* Rent becoming due after institution of action for rent and forcible detainer cannot be recovered.

3. FORCIBLE ENTRY AND DETAINER, § 99*—*when attorney's fees not recoverable.* In absence of stipulation in lease therefor except on confession of judgment, attorney's fees cannot be recovered in action for rent and forcible detainer.

4. MUNICIPAL COURT OF CHICAGO, § 13a*—*when lease competent evidence under statement of claim.* In action in the Municipal Court of Chicago for rent and forcible detainer, a lease is competent evidence under a statement of claim which fully apprises the defendant of the nature of the claim though such lease is not referred to in the statement.

5. APPEAL AND ERROR, § 1802*—*when cause reversed on appeal of one of two codefendants remanded.* Where a cause is reversed on appeal of one of two codefendants, it must be remanded though the sum for which the plaintiff is entitled to judgment definitely appears from the evidence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.